# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

DAVID HANCOCK, AIS# 00254239,    )
                                       )
       Petitioner,         )
                                       )
v.                             )     CIVIL ACTION NO. 13-00146-KD-N
                                       )
DEWAYNE ESTES,          )
                                       )
       Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner David Hancock ("Hancock"), an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Doc. 1).  The Respondent has timely filed an Answer (Doc. 7) to the petition.  Upon the undersigned's review of the Answer, Hancock was ordered to respond in writing and "show cause why his petition for habeas relief ought not to be dismissed as untimely under 28 U.S.C. § 2244(d), as stated by the Respondent."  (Doc. 12 at 6).  Hancock has filed his response (Docs. 13-15) to the "show cause" order.  The petition has been taken under submission and is ripe for disposition.  (*See* Doc. 12).

This matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, and SD ALA Local Rule 72.2(c)(4).  Upon consideration, and for the reasons stated herein, it is **RECOMMENDED** that Hancock's habeas petition (Doc. 1) be

**DISMISSED with prejudice** as time-barred.[1]  Should this recommendation be adopted, it is further **RECOMMENDED** that Hancock be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I.    Applicable Background

The record before the Court in this action reflects that on May 17, 2007, in the Circuit Court of Perry County, Alabama, Hancock was found guilty by a jury of the "lesser included offense of manslaughter."[2]  (Doc. 7-1 at 8).  On August 8, 2007, he was sentenced to 18 years imprisonment.  (Doc. 7-1 at 9).  The Alabama Court of Criminal Appeals affirmed Hancock's conviction in an unpublished opinion issued on February 20, 2009.  (Doc. 7-2); *David Hancock v. State*, 46 So. 3d 973 (Table) (Ala. Crim. App. 2009).  On March 11, 2009, the Court of Criminal Appeals issued a certificate of judgment and ordered that Hancock's application for rehearing be stricken as untimely filed.  (Docs. 7-3, 7-4).  No appeal to the Alabama Supreme Court was taken.

Hancock filed a motion for relief pursuant to Alabama Rule of Criminal Procedure 32 on February 17, 2010, asserting, *inter alia*, prosecutorial misconduct, lack of jurisdiction, and ineffective assistance of counsel.  (Doc. 7-6 at 8; *see also,* Doc. 8 at 3-4).  The trial court denied the petition on April 27, 2011. (Doc. 7-5 at 2).  On September 26, 2011, the Alabama Court of Criminal Appeals dismissed Hancock's appeal as untimely filed and issued a certificate of judgment.  (Doc. 7-7);  *David Hancock v. State*, 114 So. 3d 177 (Table) (Ala. Crim. App. 2011).

---

[1] The undersigned finds that an evidentiary hearing under 28 U.S.C. § 2254(e)(2) and Rule 8 of the Federal Rules Governing Section 2254 Cases in the United States District Courts is not necessary to adequately dispose of the petition.

[2] Because Hancock challenges a conviction and sentence handed down in Perry County, which is encompassed by this judicial district, this Court has jurisdiction to entertain his habeas petition.  *See* 28 U.S.C. § 2241(d).

Hancock filed a second Rule 32 petition on January 20, 2012, pursuant to Rule 32.1(f) of the Alabama Rules of Criminal Procedure, arguing that he failed to timely appeal the denial of his first Rule 32 petition through no fault of his own. (Doc. 7-9). He specifically argued that, "[b]y the time that power was restored at the Limestone Correctional Facility [following a severe storm with tornado damage], the lockdown status was lifted and the law library was reopened to the general prison population, the time for filing a timely notice of appeal . . . had expired." (Doc. 7-9 at 11). Although Hancock disputes (Doc. 8 at ¶ 9) some of the respondent's allegations regarding the State's response to this Rule 32.1(f) motion (Doc. 7 at ¶ 3), he does not dispute that it is still pending and has filed as an exhibit the State's response filed on March 8, 2012 (Doc. 8 at 53-54).[3]

On March 22, 2013,[4] Hancock filed the instant habeas petition raising claims of ineffective assistance of trial and appellate counsel and claims of violation of due process rights when his appellate counsel failed to send him a copy of the record on direct appeal and when the circuit court delayed 14 months in holding a hearing on Hancock's second Rule 32 petition. (Docs. 7 at ¶ 4; Doc. 1 at pp 38-44).

As Hancock's habeas petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.*

---

[3] Hancock has also filed a copy of the Alabama Court of Criminal Appeals's denial of his petition for mandamus requesting that this appellate court "direct Judge Marvin W. Wiggins to take some action on [Hancock's Rule 32] petition that he says he filed in the circuit court on January 20, 2012." (Doc. 8 at 55).

[4] Though it was not received by the Court until March 27, 2013, Hancock dated the petition March 22, 2013. (*See* Doc. 1 at 13, 49). The undersigned assumes that the petition was delivered to prison officials for mailing that same day. "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

("AEDPA").  *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).  The Respondent argues that the one-year statute of limitations period set forth in AEDPA, 28 U.S.C. § 2244(d)(1), expired for Hancock on October 18, 2011, 22 days following the issuance of a certificate of judgment by the Alabama Court of Criminal Appeals affirming the denial of Hancock's first Rule 32 petition.  The Respondent further argues that Hancock's second Rule 32 petition did not toll the running of the statute of limitations because it was not filed until January 20, 2012, after the limitations time had already expired.  The Respondent also contends that Hancock has failed to articulate any claim warranting equitable tolling of the applicable one-year statute of limitations and that his claims are procedurally defaulted.

## II.     The Habeas Petition is Untimely

"AEDPA imposes a one-year statute of limitations on all federal habeas corpus petitions."  *San Martin*, 633 F.3d at 1265 (citing 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus ....")).

"This rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.' "  *Id.* (citing *Duncan v. Walker,* 533 U.S. 167, 179 (2001)).   As relevant to this action, the statute specifically provides: "The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).

In Alabama, "[i]n all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a

prerequisite to certiorari review by the Alabama Supreme Court." Ala. R. App. P. 40(d)(1). *See also* Ala. R. App. P. 39(c)(1). As applicable to this action, for review by a petition for a writ of certiorari of a decision of the Alabama Court of Criminal Appeals, "[t]he petition for the writ of certiorari shall be filed with the clerk of the Supreme Court…within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing…" Ala. R. App. P. 39(c)(2). Hancock's application for rehearing in his direct appeal was stricken as untimely by the Alabama Court of Criminal Appeals on Wednesday, March 11, 2009. (Doc. 7-4). As such, rather than the date the Court of Criminal Appeals issued its certificate of judgment (as Respondent argues), Hancock's criminal judgment became final, and AEDPA's one-year statute of limitations began running, on Thursday, March 26, 2009, the day after the expiration of fourteen days following "the decision of the Court of Criminal Appeals on [Hancock's] application for rehearing."[5] Ala. R. App. P. 39(c)(2). *See also* Ala. R. App. P. 26(a) ("In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be

---

[5] While the Court of Criminal Appeals ordered the application for rehearing stricken as untimely rather than rule on its merits, the current Alabama Rules of Appellate Procedure do not appear to indicate that an application for rehearing must be <u>timely</u> filed with the Court of Criminal Appeals in order to preserve the right to seek certiorari review by the Alabama Supreme Court – only that one must actually be filed. *See* Ala. R. App. P. 39(c)(1) & 40(d)(1).

Decisions of the Alabama Supreme Court addressing previous versions of Alabama rules of court have held that certiorari review is not permitted when an application for rehearing is stricken rather than overruled. *See, e.g.*, *Hardin v. State*, 162 So. 2d 616, 616 (Ala. 1964) ("Where the application for rehearing is stricken by the Court of Appeals this court does not review." (citing *Wilkerson v. State*, 21 So. 2d 622 (Ala. 1945) (citing *Birmingham Gas Co. v. Sanders*, 162 So. 532 (Ala. 1935)))). However, as shown *infra*, even if Hancock could have still sought review with the Alabama Supreme Court following the striking of his motion for reconsideration, his habeas petition is still untimely.

included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday or, when the act to be done is the filing of a document in an appellate court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days.").

"The AEDPA clock continues to run until the individual seeking review files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief in state court, the AEDPA clock stops." *San Martin*, 633 F.3d at 1266 (citing 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). By the time Hancock filed his first motion for relief under Alabama Rule of Criminal Procedure 32 on Wednesday, February 17, 2010,[6] three hundred twenty-eight (328) days had run on his AEDPA clock, leaving him only thirty-seven (37) days in which to file a federal habeas petition.

On Wednesday, April 27, 2011, the state circuit court entered an order denying Hancock's first Rule 32 petition. (Doc. 7-5 at 2). Alabama Rule of Criminal Procedure

---

[6] Though it was not received by the state circuit court until February 23, 2010, Hancock dated his *pro se* Rule 32 petition February 17, 2010. (*See* Doc. 7-6 at 1). Alabama courts apply the prisoner mailbox rule to Rule 32 petition1. *See Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." (citing *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993) ("[W]e hold that a pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."); *Chavis v. Wise*, No. 1:09-CV-574-WKW, 2013 WL 3287104, at n.5 (M.D. Ala. June 28, 2013).

32.10(a) states: "Any party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure…" As applicable here, Alabama Rule of Appellate Procedure 4(a) states that "in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal…shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from…"

Accordingly, Hancock had until Wednesday, June 8, 2011, in which to file his notice of appeal in his first Rule 32 proceeding. However, Hancock filed his notice of appeal on August 9, 2011,[7] and the Court of Criminal Appeals dismissed the appeal as untimely on Monday, September 26, 2011. "A state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level." *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (citing *Carey v. Saffold*, 536 U.S. 214, 220, 226 (2002)). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 413, 417 (2005) ("This case requires us to decide whether a state postconviction petition rejected by the state court as untimely nonetheless is 'properly filed' within the meaning of §

---

[7] Even though the notice of appeal was docketed August 10, 2011 (*see* Doc. 7-5 at 2), for purpose of argument the undersigned accepts as true Hancock's representation that he mailed it August 9, 2011 (*see* Doc. 8 at 20). *See* Ala. R. App. P. 4(c) ("If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution's internal mail system on or before the last day for filing."). *But see id.* ("Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution's mail system.").

2244(d)(2). We conclude that it is not…On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay…Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").  Accordingly, Hancock's AEDPA clock began ticking again on Thursday, June 9, 2011, the day after the time for filing a <u>timely</u> notice of appeal expired.  Thus, the AEDPA statute of limitations expired for Hancock after Friday, July 15, 2011.[8]

In his response to the undersigned's show-cause order, Hancock points out that, after the Court of Criminal Appeals dismissed the appeal of his first Rule 32 petition as untimely, Hancock "filed petitions for writ of mandamus in the Alabama Appellate Courts seeking an out-of-time appeal."  (Doc. 15).  In his initial response (Doc. 8) in opposition to the Respondent's Answer, Hancock asserted that on November 11, 2011,

---

[8] In Alabama, "[i]t is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered."  *Loggins v. State*, 910 So. 2d 146, 148 (Ala. Crim. App. 2005) (*per curiam*).  The undersigned notes that Hancock filed a motion for reconsideration of the denial of his first Rule 32 petition (*see* Doc. 8 at 19; Doc. 7-5 at 2), which the Perry County circuit court denied July 31, 2011  (*see* Doc. 7-5 at 2).  "In the context of a Rule 32 petition, the postjudgment motion frequently filed by petitioners and the one recognized by [the Alabama Court of Criminal Appeals], is a motion to reconsider or to modify the judgment.  However, such a postjudgment motion, even if timely filed, does not extend the circuit court's jurisdiction beyond 30 days after the denial of the petition. Nor does the filing of such a motion toll the time for filing a notice of appeal."  *Loggins*, 910 So. 2d at 149 (citation omitted) (holding: "The circuit court lost jurisdiction to modify its ruling 30 days after December 10, 2001, the date it denied Loggins's Rule 32 petition, and its May 2002 order purporting to vacate and reissue its December 10, 2001, order is void.  Because the May 2002 order is void, the only order from which Loggins could have appealed is the December 10, 2001, order." (footnote omitted)).  As an Alabama circuit court only has 30 days from the entry of judgment on a Rule 32 petition in which to validly rule on a motion to reconsider, and as such a period is already subsumed into the 42-day period to file a notice of appeal, the filing of a motion to reconsider does not provide a further period of AEDPA statutory tolling.

he "mailed a petition for writ of mandamus to the Court of Criminal Appeals seeking an out-of-time appeal from the Perry County Circuit Court's summary denial of his first Rule 32 petition…" (Doc. 8 at 20). Hancock has also submitted an order of the Court of Criminal Appeals dismissing his mandamus petition on December 19, 2011. (Doc. 8 at 47); *Ex parte David Hancock*, CR-11-0252, 120 So.3d 1252 (Table) (Ala. Crim. App. Dec. 19, 2011).

First, the mandamus petition for an out-of-time appeal cannot be considered "properly filed" so as to toll the AEDPA statute of limitations, as in denying it the Court of Criminal Appeals stated that the appropriate "remedy, if any, is to file a petition pursuant to Rule 32.1(f), Ala. R. Crim. P." (Doc. 8 at 47). *See also Ex parte V.S.*, 918 So. 2d 908, 912 n.3 (Ala. 2005) ("On January 13, 2005, this Court adopted an order amending Rule 32.1(f), Ala. R. Crim. P., effective June 1, 2005. The amended rule provides that a petitioner may obtain an out-of-time appeal if '[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part.' Therefore, after June 1, 2005, the proper method of seeking an out-of-time appeal from the denial of a Rule 32 petition is by filing another Rule 32 petition.").[9]

Moreover, while the Eleventh Circuit has yet to decide whether a properly filed

---

[9] The Respondent has chosen to treat the period of time between the denial of Hancock's first Rule 32 petition and the time the Court of Criminal Appeals dismissed the appeal of that denial as untimely on September 26, 2011, as part Hancock's statutory tolling period. (*See* Doc. 7 at 4-5, ¶ 9). Even counting that additional time as tolled, Hancock's petition would still be untimely. Because the improper mandamus petition could not count as a tolling event, by the time Hancock filed his second Rule 32 petition on January 20, 2012, the thirty-seven (37) days remaining on Hancock's AEDPA clock would still have already run.

state mandamus petition can toll the AEDPA statute of limitations, it is clear that a mandamus petition filed after the AEDPA limitations period had already expired cannot. *See Brown v. Barrow*, 512 F.3d 1304, 1307-08 & n.2 (11th Cir. 2008) ("[T]he [Georgia ]Board[ of Pardons and Paroles] issued its decision on October 15, 1997. Under Georgia law, the appropriate remedy for Brown to challenge this decision was to file a writ of mandamus against the Board…However, Brown failed to file such a mandamus petition within AEDPA's one-year statute of limitations. His state mandamus petition, filed on August 4, 2000, came almost two years after the limitations period had expired…Although a properly filed state mandamus petition would probably toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), Brown's mandamus was filed after the limitations period had already expired."); *Hawes v. Howerton*, 335 F. App'x 882, 885 (11th Cir. 2009) ("This Court has not yet addressed whether a state mandamus petition challenging a Parole Board decision constitutes an 'application for State post-conviction or other collateral review' within the meaning of § 2244(d)(2). *See Brown*, 512 F.3d at 1308 n. 2 (noting that 'a properly filed state mandamus petition would probably toll the limitations period,' but declining to address the question). We need not reach the issue because Hawes has not presented any evidence that his alleged mandamus petition was either 'filed' or 'properly filed' within the AEDPA's one-year limitations period that ended October 28, 1999."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition…that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (quotation omitted)).

Finally, both the mandamus petition and Hancock's second Rule 32 petition,

filed on January 20, 2012, pursuant to Alabama Rule of Criminal Procedure 32.1(f) (*see* Doc. 7-9),[10] sought an out-of-time appeal of the denial of Hancock's first Rule 32 petition. Eleventh Circuit precedent is clear that motions for a belated state court appeal filed outside of the AEDPA limitations period, even if ultimately granted, do not serve to revive an expired AEDPA limitations period. *See, e.g., Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("[W]e hold that the petitioner's belated appeal motion was not pending during the limitations period. The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition…While a 'properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Williams v. Crist*, 230 F. App'x 861, 867 (11th Cir. 2006) ("The *Moore* Court concluded that 'the petitioner's belated appeal motion was not pending during the limitations period' and '[t]he statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.' [321 F.3d] at 1381. Since the one-year limitations period had already elapsed, the *Moore* Court concluded that Moore's

---

[10] "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that: The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part." Ala. R. Crim. P. 32.1(f).

motions for belated appeal could not revive or restart his AEDPA clock. *Id.* Further, the filing of a belated appeal motion outside the limitations period, even if granted by the state court, cannot erase the time period when nothing was pending before the state court. *Id.*"); *Bernadeu v. McNeil*, 432 F. App'x 823, 824 (11th Cir. 2011) (*per curiam*) ("[I]f a petition for belated appeal is filed after the § 2244 statute of limitations has expired, 'it does not reset or restart the statute of limitations.' " (quoting *Moore v. Crosby,* 321 F.3d at 1381);[11] *McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 253 (11th Cir. 2007) (*per curiam*) ("Other circuits have concluded that a post-conviction motion is not pending under § 2244(d)(2) between the time that the period to file a timely appeal expires and the filing of a petition for belated appeal. Like these other circuits, we reject the argument that a state post-conviction motion remains 'pending' after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal." (citations and footnote omitted)).

Thus, as AEDPA's one-year statute of limitations expired for Hancock after Friday, July 15, 2011, his present habeas petition, filed March 22, 2013, is clearly untimely.

### III.    Hancock is Not Entitled to Equitable Tolling

Nevertheless, "[i]f a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has

---

[11] The *Bernadeu* court also noted that, "[c]ontrary to Bernadeu's suggestion, *Moore* is still good law" and "remains binding on" the Eleventh Circuit in spite of certain Supreme Court decisions handed down subsequent to *Moore.* 432 F. App'x at 824.

explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case." *San Martin*, 633 F.3d at 1267 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "The Supreme Court recently reaffirmed, however, that 'a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland*, 560 U.S. at 649). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Id.* at 1268.

In both his initial response (Doc. 8) to the Respondent's Answer and his various responses (Docs. 13-15) to the undersigned's order to show cause why his petition should not be dismissed as time-barred, Hancock provides a lengthy narrative in which he accuses his state counsel of lying about preparing a Rule 32 petition for Hancock and of hindering his efforts to prepare one himself by deliberately withholding trial transcripts and other documents. He claims he contacted his attorneys "numerous times from March 2009 until December 2009 trying to get a copy of his trial transcripts and they refused to send [him] his transcripts." (Doc. 15 at 6). However, Hancock admits he received a copy of his trial transcript on October 26, 2009, though he claims to date he "has never seen, nor been furnished with a copy of the Clerk's record concerning his criminal case…" (Doc. 8 at 13-15).

Hancock has submitted several letters between himself and one of his state appellate attorneys, Bruce Boynton, in support of these allegations. (Doc. 8 at 38-42). In a letter to Hancock dated July 23, 2009, Boynton states: "I thought that I had better

write you just to let you know that I am still working on you [sic] case. I am trying to put everything you have written me in you [sic] claim. This is taking a bit of time but I think that I will be finished for your review within the nest [sic] few days." (Doc. 8 at 38). In a letter to Boynton dated October 19, 2009, Hancock requests a copy of the "clerk's record" in his criminal case and states that he himself is "preparing a Rule 32, Postconviction Petition for Relief from Conviction or Sentence and []need[s] this record to prepare the Rule 32 Petition." (Doc. 8 at 39).

In a second letter to Hancock, dated October 29, 2009, Boynton states: "I can understand your frustration with being where you are and not hearing from anyone. I have been putting together a Rule 32 motion for you based on some of the material provided by you and the transcript of your trial. I was informed by Bill[ Powers, Hancock's other state appellate attorney,] that he had received a second transcript from the Clerk's office and I have asked him to send it to me but have received nothing from him for months…What I will do is send you a copy of the transcript that he sent me which I believe to be the original one. It is about 500 hundred [sic] pages and will take some time to run off the computer. I want you to go over the Rule 32 that I am preparing and you read the transcript for any additional input. I don't believe that you should file your own motion because the law only allows you one opportunity to file a Rule 32 and when its filed it should be all inclusive. You will hear from me on this within the next few weeks."[12] (Doc. 8 at 41). In an unsigned letter to Boynton dated December 21, 2009, Hancock states: "Regarding my request dated November 2, 2009, wherein I requested that I be provided a copy of the Clerk's Record in Case No. CC-06-

---

[12] Hancock claims this letter also misled him to believe "that a second trial transcript of [his] trial had come into existence, a transcript of which [Hancock] had never seen…" (Doc. 8 at 14).

19, I have not received any information regarding the same…Would you please inform Bill that I need a copy of that record. I received a copy of the trial record, however, I do not have any of the records from the Clerk's Record." (Doc. 8 at 42).

Based on these allegations of misrepresentation and delay by his attorneys, Hancock argues he "is entitled to equitable tolling form the time the Alabama Court of Criminal Appeals issued Certificate of Judgment…on direct appeal until he actually received a copy of his trial transcripts" in December 2009. (*Id.* at 4, 6). He cites, *inter alia*, to *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002), in which the Fifth Circuit "agree[d] with the district court that [a petitioner]'s allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations." 292 F.3d at 230.

Hancock also argues that he is entitled to equitable tolling after the denial of his first Rule 32 petition because, on the day the Perry County Circuit Court denied the petition, "a huge storm front roared across Alabama spawning many massive tornados which completely wiped out entire towns and communities…One of the tornados struck the Limestone Correctional Facility causing severe damage, power outage and caused the facility to be on lockdown status for approximately 6 weeks[13] with no access to a law library or books, which was the cause of [Hancock]'s notice of appeal to the 4/27/2011 order denying his Rule 32 petition to be untimely filed, thus constituting an extraordinary circumstance…" (Doc. 15 at 7).

The Eleventh Circuit has stated that "lockdowns and periods in which a prisoner

---

[13] Coincidentally, the exact number of days for Hancock to timely file a notice of appeal (i.e. 6 weeks x 7 days in a week = 42 days).

is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that equitable tolling was inapplicable for periods of various lockdowns or during a period in which the movant's legal papers were misplaced by the prison), *aff'd,* 545 U.S. 353 (2005). *Accord Melendez v. Sec'y, Dep't of Corr.*, 247 F. App'x 188, 189 (11th Cir. 2007) (*per curiam*); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (*per curiam*). Moreover, regarding Hancock's claim that he did not have access to a law library,

> [a] petitioner must demonstrate that the lack of access to legal materials kept him from timely filing his petition. *Paulcin v. McDonough,* 259 Fed. Appx. 211, 212 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion—lack of access to law library and legal papers for as much as 10 months of one-year limitations period were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition); *Miller v. Florida,* 307 Fed. Appx. 366, 368 (11th Cir. 2009) citing *Akins v. United States,* 204 F.3d 1086, 1089–1090 (11th Cir. 2000) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling[ ]").

> Specifically, when an inmate fails to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding, lack of access to a law library does not constitute extraordinary circumstances to toll the limitations period governing his habeas petition—despite claims that he could not file his petition without access to those legal materials and even when he alleges that he exercised diligence in attempting to gain access and file a timely petition. *See, e.g., Paulcin,* 259 Fed. Appx. at 213 (concluding that an inmate's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances) (citing *Akins,* 204 F.3d at 1089–1090 (declining to apply equitable tolling when an inmate was subjected to lockdowns in jail for several months during which he could not access the law library and prison officials misplaced his legal papers for a period of time, as he had ample time to file his motion when these impediments did not exist) and *Dodd v. United States,* 365 F.3d 1273, 1282–1283 (11th Cir. 2004) (finding that being transferred to a different

facility and detained for over 10 months without access to his legal papers did not, in relevant part, support equitable tolling as the circumstances were not extraordinary)); *Bell v. Sec'y, Dept. of Corr.,* 248 Fed. Appx. 101, 104–105 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); *McCarter v. U.S.,* 2011 WL 3857118, *5 (S.D. Ala. Aug.4, 2011) (finding that petitioner had not established the diligence necessary to show extraordinary circumstances).

*Howard v. United States*, Civil Action No. 12-00528-KD-B, 2014 WL 722036, at *2-3 (S.D. Ala. Feb. 26, 2014) (DuBose, J.). Hancock never claims he did not actually receive notice of the Perry County Circuit Court's denial of his first Rule 32 petition, and he has not explained why the claimed six-week lockdown, during which he could not access the prison law library, prevented him from timely filing a federal habeas petition, much less a simple notice of appeal in the state circuit court.

However, "[a]ffirmative misrepresentations by counsel about the filing of a state habeas petition can constitute extraordinary circumstances that warrant equitable tolling." *Roper v. Dep't of Corr.*, 434 F. App'x 786, 790 (11th Cir. 2011) (*per curiam*) (citing *Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) (vacating a district court's order dismissing a habeas petition as untimely where the petitioner alleged that his attorney made affirmative misrepresentations about the filing of a state habeas petition that would have tolled the limitations period)). In *Downs v. McNeil*, the Eleventh Circuit adopted a "fact-specific, case-by-case approach" to determining whether extraordinary circumstances warrant equitable tolling. 520 F.3d at 1322. The *Downs* court went on to hold:

> In determining whether Downs has alleged extraordinary circumstances that, if true, would entitle him to relief, we must consider all relevant facts. These include his unequivocal, repeated demands that his attorneys file his habeas petition; his close tracking of his attorneys' work and the

applicable federal deadlines; and his counsel's overt deception in representing they had filed a tolling petition in state court when they had not in fact done so, thereby depriving him of several months of his statutorily-guaranteed one-year federal limitations period.

Although Downs' persistence resulted in his counsel ultimately filing his state habeas petition one day before his federal limitations period expired, his counsel's deceit and delay nonetheless put him in an untenable position. We say untenable because there was no way Downs, imprisoned as he was, would receive notice of the state court's ruling in time to file his federal petition within the one day remaining in his federal limitations period. Thus, throughout the course of their representation, counsel thwarted Downs' best efforts to file a timely petition, working against his interests at every turn.

…

In the end, we cannot say whether extraordinary circumstances are present that entitle Downs to equitable tolling because the district court made no findings of fact with respect to whether counsel's behavior was as appalling as Downs alleges and the written record suggests. We can, however, answer the question on which the certificate of appealability was granted: Assuming Downs' allegations are true, he has shown the existence of extraordinary circumstances.

520 F.3d at 1322-23.

Even if taken as true, Hancock's allegations regarding Boynton's conduct are distinguishable from those in *Downs* and do not evidence extraordinary circumstances. First, Boynton never represented that he had actually filed a Rule 32 petition, only that he was preparing one. *But see Roper*, 434 F. App'x at 790-91 ("Here, Roper alleges that counsel affirmatively misrepresented that a [Florida ]Rule 3.850 motion had been filed on September 13, 2006… Because we construe *pro se* filings liberally,…and that set of facts, if proven, would constitute 'extraordinary circumstances,' we conclude that the district court abused its discretion in denying Roper's request for an evidentiary

hearing.").[14]  Moreover, Hancock does not claim, nor do the letters he has presented as evidence indicate, that he made "repeated demands" of Boynton to file a Rule 32 petition.  In fact, as early as October 19, 2009, Hancock's letters to Boynton indicate Hancock was more concerned with obtaining portions of his trial record <u>from Boynton</u> so that Hancock himself could prepare a Rule 32 petition.  Additionally, unlike the *Downs* petitioner, Hancock's allegations do not establish that Boynton's misrepresentations and delay left him anywhere near the "untenable position" of having only one day in which to file a federal habeas petition himself.  Even assuming that Hancock did not ultimately write off Boynton's assistance until some time in December 2009, he still had until March 26, 2010 (approximately three months), in which to prepare and file a federal habeas petition.  *See Downs*, 520 F.3d at 1318 ("[T]his Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").  Though Hancock chose instead to file a Rule 32 petition in state court, this still left him with 37 days on his AEDPA clock after those proceedings had ended.

Finally, "[t]o be eligible for equitable tolling, []the petitioner must show 'a causal

---

[14] *But also see Holland v. Florida*, 539 F.3d 1334, 1339 & n.8 (11th Cir. 2008), *rev'd on other grounds*, 560 U.S. 631 (2010) ("Although we viewed counsel's behavior as a whole, it is material to the *Downs* decision that the alleged acts of attorney misconduct included *affirmative misrepresentations* by counsel about the filing of a state habeas petition: such a filing would have tolled the federal habeas limitations period… In two recent unpublished decisions, we reached similar conclusions. See *Kicklighter v. United States*, No. 07-14945, 2008 WL 2421728 (11th Cir. June 17, 2008) (unpublished); *Hammond v. Frazier*, 275 Fed. Appx. 896 (11th Cir. 2008) (unpublished). Both cases involved allegations of affirmative misrepresentations by counsel. *Kicklighter*, 2008 WL 2421728, at *1 (petitioner alleged that counsel 'lied to him about whether the appeal had been filed'); *Hammond v. Frazier*, 2008 WL 1891478, at *1 (petitioner alleged that 'post-conviction counsel falsely told him that counsel had filed the state habeas petition').").

connection between the alleged extraordinary circumstances and the late filing of the petition.' " *Roper*, 434 F. App'x at 790 (quoting *San Martin*, 633 F.3d at 1267). While Boynton's representations may have caused a substantial amount of Hancock's AEDPA clock to run, Hancock's own allegations and evidentiary submissions unambiguously establish that he had several months left on his AEDPA clock in which to act on his own to ensure the timely filing of a federal habeas petition.[15]

### IV. Hancock has Not Demonstrated Actual Innocence

The Supreme Court has recently held that a petitioner's showing of "actual innocence" under *Schlup v. Delo*, 513 U.S. 298 (1995), can overcome the expiration of AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *Accord, e.g., Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (*per curiam*) ("In

---

[15] *Cf. Stewart v. Sec'y, Fla. Dep't of Corr.*, 355 F. App'x 275, 281 (11th Cir. 2009) ("Stewart bases his argument for equitable tolling on the fact that Blake informed him that she had filed his state habeas petition on November 4, 2004. Assuming Stewart's allegations are true, it would appear that Blake's conduct was more similar to the 'overt deception' described in *Downs,* rather than mere negligence or gross negligence, because Blake affirmatively misrepresented to Stewart that a tolling motion had been filed. *See Downs,* 520 F.3d at 1322; *Holland,* 539 F.3d at 1339. However, to be eligible for equitable tolling based on attorney misconduct, a petitioner must show 'not only "extraordinary circumstances," but also circumstances that are beyond the petitioner's control and unavoidable even with diligence.' *Downs,* 520 F.3d at 1323. The record reflects that a state habeas petition was filed on December 22, 2004. The Florida appellate court's docket sheet indicates that this document was filed by Stewart himself. Since Stewart filed this document himself, he would have been aware that Blake had not filed the state habeas petition on November 4th, as promised. Thus, Stewart should have known that the limitations period had run untolled until December 22, 2004. By exercising due diligence, he could have recalculated the deadline for filing his federal habeas petition, accounting for this additional, untolled time. *See id.* Furthermore, as of December 22, 2004, the limitations period had run untolled for only 274 days. Therefore, Stewart should have known, on December 22, 2004, that after the state court ruled on his habeas petition, he would have 91 days in which to file a federal petition. This stands in stark contrast to *Downs,* in which counsel filed the petitioner's state habeas petition only one day prior to the expiration of the federal statute of limitations. *See id.* at 1322. We specifically noted in *Downs* that the federal limitations period would have run by the time that the petitioner received notice of the state court's ruling on the state habeas petition. *See id.*").

[*McQuiggin v.* ]*Perkins* the Court concluded that a properly supported claim of actual innocence of the crime charged could excuse the failure to comply with the statute of limitations of the Anti–Terrorism and Effective Death Penalty Act ('AEDPA') for a first-time habeas petition.").   The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).   *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (*per curiam*) ("*McQuiggin*…hold[s] that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id.* at 1931, 1933 (alteration and quotation marks omitted).").   The Court "stress[ed]…that the *Schlup* standard is demanding" and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316).

Though Hancock claims he is actually innocent of the crime for which he was convicted (*see, e.g.*, Doc. 15 at 14-15), he has not presented, or even alleged the existence of, new evidence of such a caliber demanded by *McQuiggin* and *Schlup*.[16]   As such,

---

[16] Hancock complains that the Respondent's failure to produce all of his state court records, and the undersigned's failure to order him to do so, "have created a virtually impossible situation for [him] to effectively prove that he is entitled to equitable tolling and/or his innocence…"   (Doc. 15 at 15-16).   Hancock has shown himself to be in possession of

Hancock's claim of actual innocence fails. Accordingly, the undersigned **RECOMMENDS** that Hancock's habeas petition (Doc. 1) be **DISMISSED with prejudice** as time-barred.

## V.      Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned **RECOMMENDS** that a certificate of appealability in this case be **DENIED**. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

sufficient documents allowing him to argue equitable tolling. Moreover, a showing of actual innocence requires "new evidence" not previously presented in the state courts (and therefore not likely to be contained in the state court record).

that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). In the present action, Hancock's habeas petition is unquestionably time-barred under AEDPA, and he has indisputably failed to demonstrate either entitlement to equitable tolling of the statute of limitations or actual innocence excusing the expiration of the statute of limitations.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[17]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## VI.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of

_____

[17] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). See also Weaver v. Patterson, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), report and recommendation adopted, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)."). But see, e.g., United States v. McCray, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

In light of the above-stated reasoning, the undersigned **RECOMMENDS** that the Court certify that any appeal by Hancock in this action would be without merit and therefore not taken in good faith and, accordingly, find that Hancock is not entitled to appeal *in forma pauperis*.

## VII.   Conclusion

In accordance with the above-stated reasoning, the undersigned Magistrate Judge **RECOMMENDS** that Hancock's habeas corpus petition (Doc. 1) be **DISMISSED with prejudice** as time-barred, and that the Court find that he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

## VIII.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Hancock's last filings indicate he has been moved to the Decatur Work Release Center, 1401 Highway 20 West, Decatur, AL 35601,[18] and the Clerk of Court is **DIRECTED** to serve a copy of this report and recommendation on Hancock at this new location.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or

---

[18]   The Alabama Department of Corrections's online prisoner tracker (http://www.doc.state.al.us/InmateInfo.aspx (last visited July 11, 2014)) confirms this.

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of July 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**